NO. 07-02-0151-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JANUARY 2, 2003


______________________________



TONY ROMO, JR.
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-436,154; HON. MACKEY K. HANCOCK, PRESIDING


_______________________________



Before QUINN and JOHNSON, JJ. and BOYD, SJ. (1)

 Tony Romo, Jr. (appellant) appeals his conviction for burglary of a habitation with
intent to commit robbery. Via two issues, he contends that the trial court erred in failing
to suppress his confession which allegedly was obtained in violation of his "right to counsel
. . . at every significant stage of a criminal proceeding after counsel ha[d] been appointed." 
We affirm the judgment.




Background


 Several robberies had occurred in the Lubbock, Texas area. The Lubbock City
police had a general description of the robber, and believed him to be appellant. Upon
investigation, the police discovered that appellant had an outstanding warrant for his arrest
arising from an application to revoke his probation. Furthermore, an attorney had been
appointed to represent him on that matter. 

 With the aforementioned warrant in hand, the police arrested appellant and took
him to the station. They gave him his Miranda warnings and began questioning him about
the robberies, as opposed to matters encompassed by the pending motion to revoke
probation. During the interrogation, appellant voluntarily waived his right to have counsel
present and then admitted to committing various burglaries. The State subsequently
indicted him for one of those burglaries, and thus began the present controversy.

 Before trial, appellant moved to suppress his confession about the burglary for
which he was indicted, contending that it was obtained in violation of his Sixth Amendment
right to counsel. (2)
 The court held a hearing on the motion and then denied it. At that point,
appellant pled guilty but opted to have the jury assess punishment. The jury levied upon
him a life sentence. Appellant now appeals his conviction, alleging that the trial court
erred in denying the motion to suppress his confession.





Authority


 The applicable standard of review is discussed in Benitez v. State, 5 S.W.3d 915,
918 (Tex. App.--Amarillo 1999, pet. ref'd). We cite the parties to it.

 Next, the Sixth Amendment guarantees a criminal defendant the assistance of
counsel at the initiation of an adversary proceeding and at any subsequent "critical stage"
of the proceeding. Estelle v. Smith, 451 U.S. 454, 469-70, 101 S.Ct. 1866, 1876, 68
L.Ed.2d 359 (1981). However, the right is "offense specific." Texas v. Cobb, 532 U.S. 162,
167-68, 121 S. Ct. 1335, 1340, 149 L.Ed.2d 321, 328 (2001), citing McNeil v. Wisconsin,
501 U.S. 171, 111 S.Ct. 2204, 115 L.Ed.2d 158 (1991); see Maine v. Moulton, 474 U.S.
159, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985). That is, the amendment prohibits law
enforcement personnel from further interrogating one after he has invoked his right to an
attorney, unless the individual re-initiates the process. Cobb v. State, 85 S.W.3d 258,
263-64 (Tex. Crim. App. 2002). Yet, this prohibition extends only to questioning about the
same offense. Id. It does not prevent officers from asking about an offense different from
that to which he invoked his right to counsel. Id. In other words, the invocation of the right
viz one charge or prosecution does not encompass all future, yet distinct, offenses and
prosecutions therefor. Texas v. Cobb, 532 U.S. at 168, 121 S.Ct. at 1340, 115 L.Ed.2d at
328.

 Thus, the critical inquiry is whether the offenses at issue were the same. Cobb v.
State, 85 S.W.3d at 264. And, whether they were is determined by applying the test
enunciated in Blockburger v. United States, 284 U.S. 304, 52 S.Ct. 182, 76 L.Ed. 309;
Cobb v. State, 85 S.W.3d at 264. Simply put, the offenses are the same if they are
established by the same facts; if one requires proof of a fact that the other does not, then
they are not the same. Id. at 264, citing Blockburger v. United States, 284 U.S. 299, 52
S.Ct. 180, 76 L.Ed. 306 (1932).

Analysis


 Appellant admits that he was Mirandized and that he waived his rights guaranteed
him under the Fifth Amendment of the United States Constitution. (3) However, he contends
that his Sixth Amendment right to counsel was violated because counsel had been
appointed to represent him in the pending revocation proceeding numbered 93-416191. 
And, because he had counsel viz the revocation matter, that counsel should have been
present during his interrogation about the burglaries. This is especially so, according to
appellant, since the motion to revoke was later amended to include the offenses to which
he confessed. We disagree.

 It is undisputed that at the time of his arrest and interrogation, the State had
pending a motion to revoke appellant's probation. Similarly undisputed, however, is that
the grounds upon which the motion was based did not include the burglaries about which
he was being interrogated and to which he subsequently confessed and pled guilty. In
short, the misconduct purportedly authorizing the revocation was quite distinct from the
burglaries about which the police were interrogating him. Thus, the facts needed by the
State to succeed upon the pending motion to revoke differed from those needed to prove
the burglary. And, because they differed, the offenses were not the same under
Blockburger or Cobb. And, because they were not the same, the officers did not violate
his Sixth Amendment right by questioning him about the burglaries without counsel (who
was appointed solely for purposes of the revocation) being present. 

 Finally, that the motion to revoke was later amended to include the burglaries to
which appellant confessed is of no consequence. This is so because at the time of the
interrogation, the pending motion did not encompass the subject matter of the
interrogation. Indeed, the Court of Criminal Appeals held as much in Cobb. There, Cobb
had been charged with and admitted to burglarizing a home. Furthermore, counsel was
obtained to represent him viz that charge. However, he admitted to murdering those within
the house during police interrogation conducted several years later. Thereafter, the State
added a count sounding in capital murder to the pending burglary prosecution. This,
according to Cobb, evinced that the offenses were the same for purposes of Blockburger. 
The court disagreed, suggesting that appellant was confusing the concept of a lesser-included offense with the concept of the same offense. Cobb v. State, 85 S.W.3d at 265
n.18. More importantly, in rejecting the contention, the court implicitly recognized that
simply joining two distinct offenses for trial in one proceeding did not make them the same
offense. They remained different. The focus is on whether the offenses are the same, not
on whether they can be disposed of in the same proceeding. So, because the grounds
asserted via the motion to revoke at bar differed from the burglary to which appellant
confessed and pled guilty, the State's decision to later include the burglary in its motion
to revoke did not somehow result in a violation of appellant's Sixth Amendment right to
counsel. 

 


 Therefore, we affirm the judgment of the trial court.


 Brian Quinn

 Justice



Publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2002). 
2. The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused
shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI.

3. The Fifth Amendment is a guarantee that "[n]o person . . . shall be compelled to be a witness
against himself." U.S. Const. amend. V.